1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

PNC BANK, NATIONAL
ASSOCIATION,

                  Plaintiff,

      v.

SCOTT H. FRANKLIN, et al.,

               Defendants.

CASE NO. C15-5162 BHS

ORDER REMANDING ACTION
TO STATE COURT AND
DENYING DEFENDANT SCOTT
FRANKLIN'S MOTION TO
PROCEED *IN FORMA PAUPERIS*
AS MOOT

14

15

16

17

18

      This matter comes before the Court on Defendant Scott Franklin's ("Franklin")

notice of removal and motion to proceed *in forma pauperis* (Dkt. 1).  The Court has

considered the notice of removal and the underlying complaint and hereby *sua sponte*

remands this case to Pierce County Superior Court and denies Franklin's motion as moot.

**I. PROCEDURAL HISTORY**

19

20

21

22

      On November 6, 2014, Plaintiff PNC Bank, National Association ("PNC Bank")

filed an unlawful detainer action against Defendants Scott and Cher Franklin (collectively

"the Franklins") in Pierce County Superior Court.  Dkt. 1, Ex. 5.  PNC Bank seeks possession of the property that the Franklins allegedly will not vacate.  *Id.*

On March 18, 2015, Franklin removed the action to this Court on the basis of federal question jurisdiction.  Dkt. 1, Ex. 1 at 2.  That same day, Franklin moved to proceed *in forma pauperis*.  Dkt. 1.

## II. DISCUSSION

**A.      Burden of Proof**

An action may be removed to federal court only if it could have been originally brought in federal court.  28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ."  *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

**B.      Federal Question Jurisdiction**

A defendant may remove an action on the basis of federal question jurisdiction.  District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed."  *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted).

"A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).  Thus, "a case may not be removed to federal court on the basis of a federal defense."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

Franklin has not established that the Court has federal question jurisdiction in this case.  PNC Bank filed an unlawful detainer action based solely on state law.  PNC Bank's complaint does not present a federal question.  To the extent that Franklin asserts federal defenses to PNC Bank's claims, a federal defense does not confer federal question jurisdiction on the Court.  *See Rivet*, 522 U.S. at 475.  Accordingly, the Court lacks federal question jurisdiction.

## III. ORDER

Franklin has not overcome his burden of establishing that removal is proper. Therefore, it is hereby **ORDERED** that this case is *sua sponte* **REMANDED** to Pierce County Superior Court.  Franklin's motion to proceed *in forma pauperis* (Dkt. 1) is **DENIED as moot**.  The Clerk shall close this case.

Dated this 18th day of March, 2015.

BENJAMIN H. SETTLE
United States District Judge